UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FOR MYERS DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 2:17-cr-87-SPC-MRM

SILA NUNEZ
_____/

**ORDER**[1]

Before the Court is Defendant Sila Nunez's *pro se* Motion for 12 Month CCC/RRC Placement. (Doc. 112). For the below reasons, the Court denies Nunez's motion.

In March 2018, the Court sentenced Nunez to eighty-seven months' imprisonment for conspiracy to possess with intent to distribute five kilograms or more of cocaine. (Doc. 92 at 2). Her projected release date is November 30, 2023. (Doc. 112 at 3). She now moves for a judicial recommendation to the Bureau of Prisons ("BOP") that she be placed in a community correction center ("CCC") or residential reentry center ("RRC") for the last twelve months of her sentence.

Under federal law, once a court imposes a sentence, the BOP assumes legal authority over the prisoner. Only the BOP can designate the place of a prisoner's imprisonment. *See* 18 U.S.C. § 3621(b); *United States v. Ramedo*, 705 F. App'x 839, 840–41 (11th Cir. 2017) (stating "the BOP is afforded wide discretion in classifying and housing prisoners" (citations omitted)). The agency decides a place of imprisonment

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

based on certain factors including the sentencing court's recommendation on "a type of penal or correctional facility." 18 U.S.C. § 3621(b)(4)(B). "Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person." *Id.* § 3621(b).

Additionally, 18 U.S.C. § 3624(c) provides that the BOP may grant a federal inmate pre-release custody, in which she serves part of the sentence in home confinement or a community correctional facility. "The BOP considers all five factors listed in § 3621(b), as well as the guidelines under § 3624(c)(1), and makes an individual determination on each inmate's placement into an RRC." *United States v. Horton*, No. 2:12-cr-7-BO-1, 2017 WL 3204479, at *1 (W.D.N.C. July 27, 2017) (citations omitted). One factor considered is the sentencing court's recommendation on a "type of penal or correctional facility" for the defendant. *See id.*

The Court made several recommendations in the Judgment including being housed in a facility that can treat her mental issues and participation in drug/alcohol programs and education. (Doc. 92 at 2). It did not recommend CCC or RRC placement. The Court thus construes Nunez's motion as requesting a supplemental recommendation on CCC or RRC placement.[2] At sentencing, the Court carefully considered multiple facts bearing on Nunez's incarceration. The Court did not find at sentencing—nor does it find now—that a recommendation to the BOP on RRC placement to be appropriate. The

---

[2] To the extent that Nunez seeks the Court to amend the judgment, it has no basis to do so under the circumstances presented. "The court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). This rule has certain exceptions, none of which apply. *Id.*

2

Court commends Nunez for her achievements while in custody and encourages her to continue so the BOP can evaluate her performance and behavior record when deciding her eligibility for RRC placement.

Accordingly, it is

**ORDERED:**

Defendant Sila Nunez's *pro se* Motion for Twelve Month CCC/RRC Placement. (Doc. 112) is **DENIED**. The Court takes no position on RRC placement but leaves the decision in the discretion of the Bureau of Prisons.

**DONE AND ORDERED** at Fort Myers, Florida on this 2nd day of March 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Parties of Record