UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO.:  2:17-cr-87-FtM-38MRM

SILA NUNEZ

_____

### OPINION AND ORDER[1]

Before the Court is pro se Defendant Sila Nunez's construed letter motion for compassionate release and home detention (Doc. 122) and the Government's response in opposition (Doc. 124).  For the below reasons, the Court denies the motion.

Defendant is serving an 87-month sentence for a cocaine conspiracy.  (Doc. 92). She has served less than half of that sentence.  Defendant is fifty-five years old and projected to be released in three years.  She now moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, because of the COVID-19 pandemic and her health conditions (e.g., diabetes).  She also asks for placement on home confinement because her health puts her at an increased risk if she contracts the virus.

Starting with the latter, the Court has no authority to direct the Bureau of Prisons ("BOP") to place Defendant on home confinement.  The BOP has exclusive authority to decide whether to place a prisoner under home confinement.  *See United States v. Calderon*, 801 F. App'x 730, 732 (11th Cir. 2020) (stating district courts lack authority to grant early release under the Second Chance Act, as amended by the First Step Act,

---

[1] Disclaimer:  Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

because "the Second Chance Act does not authorize a federal court to order the BOP to release a prisoner—the Act only states that the Attorney General 'may' release eligible elderly offenders."); *United States v. Terry*, No. 3:10-CR-17-J-34JRK, 2020 WL 4261398, at *1 (M.D. Fla. July 24, 2020) ("The Attorney General has exclusive jurisdiction to decide which prisoners to place in the home confinement program"); *United States v. Smith*, No. 8:17-CR-412-T-36AAS, 2020 WL 2512883, at *3 (M.D. Fla. May 15, 2020) (finding no authority to grant the defendant's request for home confinement because of COVID-19); *United States v. Staltare*, 8:14-CR-460-T-33TBM, 2020 WL 2331256, at *1 (M.D. Fla. May 11, 2020) ("Once a court imposes a sentence, the BOP is solely responsible for determining an inmate's place of incarceration to serve that sentence").  Defendant cites no authority—statutory or otherwise—on which the Court may direct the BOP to place her on home confinement.  Without this authority, the Court denies her request.[2]

If Defendant also seeks a sentence reduction, the Court denies that request.  The Government concedes that Defendant has exhausted her administrative remedies and her diabetes heightens her risk of injury or death should she contract COVID-19.  (Doc. 124 at 13, 17).  But it argues—and the Court agrees—that (1) Defendant fails to show she is no longer a danger to the community's safety; and (2) the applicable 18 U.S.C. § 3553(a) factors weight against granting a sentence reduction.  *See* USSG § 1B1.13(2) (stating a court must deny a sentence reduction unless it determines the defendant "is not a danger to the safety of any other person or to the community").

---

[2] What is more, Defendant has no liberty interest in being transferred to home confinement.  *See Calderon*, 801 F. App'x at 732 (stating "prisoners do not have a constitutional right to be released before the expiration of a valid sentence" (citation omitted)); *Brown v. Attorney Gen.*, No. 3:20-CV-661-J-32JBT, 2020 WL 4582732, at *3 (M.D. Fla. Aug. 10, 2020) ("A prisoner has no constitutionally protected interest in her place of confinement." (citing *Williams v. Flournoy*, 732 F. App'x 810, 812 (11th Cir. 2018)).

Defendant conspired with her husband to work for a notoriously violent Mexican drug cartel.  Their work with the international drug cartel led to over seventeen kilograms of cocaine being imported into the local community through her home.  The Court cannot ignore her willingness to break the law.  Her history of drug abuse and unemployment also weighs against any reduction.  And because she has served less than half her sentence, releasing her now would not adequately punish her for her conduct or adequately reflect the seriousness of her crime.  One further point—the Court considered Defendant's health against the § 3553(a) factors in sentencing Defendant to a low-end guidelines sentence, and Defendant gives the Court no persuasive reason to change the original sentence.  (Doc. 106 at 38).

Accordingly, it is now

**ORDERED:**

Defendant Sila Nunez's construed letter motion for compassionate release and home detention (Doc. 122-4) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on this 26th day of August 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  Counsel of Record