UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                                          CASE NO.: 2:17-CR-87-FtM-38MRM

SILA NUNEZ
_____

**<u>OPINION AND ORDER</u>**[1]

Before the Court is pro se Defendant Sila Nunez's Motion in Response of the Government's Request for Compassionate Release filed August 31, 2020. (Doc. 126). The Government has not responded, and the time to do so has expired. For the below reasons, the Court denies the motion.

Defendant is serving an 87-month sentence for drug conspiracy. (Doc. 92). She has served less than half of that sentence. Yet Defendant previously moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A) and placement in home confinement because of the COVID-19 pandemic's potential impact on her health conditions (e.g., diabetes). (Doc. 122). The Court denied the motion because (1) it had no authority to direct the Bureau of Prisoners to place Defendant on home confinement; (2) she did not show she was not a danger to the community; and (3) the 18 U.S.C. § 3553(a) factors weighed against a sentence reduction. (Doc. 125).

After the Court issued its Opinion and Order, Defendant filed what appears to be a reply to the Government's response. (Doc. 126). In an abundance of caution, however,

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

the Court construes Defendant's latest filing as a motion for reconsideration of its decision to deny compassionate release.

"Although the Federal Rules of Criminal Procedure do not specifically authorize motions for reconsideration, both the Supreme Court and [the Eleventh Circuit] have permitted parties to file such motions in criminal cases." *Serrano v. United States*, 411 F. App'x 253, 254-55 (11th Cir. 2011) (citation omitted). In deciding such motions, courts use the standards applicable in civil cases. *See, e.g.*, *United States v. Brown*, No. 3:18-CR-89-J-34JRK, 2019 WL 7067091, at *1 (M.D. Fla. Dec. 23, 2019) (citations omitted).

Federal Rules of Civil Procedure 59 and 60 govern motions for reconsideration. Rule 59(e) allows a court to amend or alter its judgment for 28 days. Fed. R. Civ. P. 59(e). "The only grounds for granting a Rule 59 motion are newly discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotations and citations omitted). Likewise, Rule 60 allows a court to relieve a party from an order for select reasons like "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b). Under this framework, courts have interpreted three grounds for reconsidering an order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Lamar Advertising of Mobile, Inc. v. City of Lakeland, Fla.*, 189 F.R.D. 480, 489 (M.D. Fla. 1999). These grounds show that motions for reconsideration cannot simply ask a court to reexamine an unfavorable ruling. *See Jacobs v. Tempur-Pedic Int'l., Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *Mannings v. Sch. Bd. of Hillsboro Cty., Fla.*, 149 F.R.D. 235, 235 (M.D. Fla. 1993).

Even liberally construing Defendant's motion, she has shown no intervening change in controlling law, new evidence, or need to correct clear error or manifest injustice to warrant reconsideration. She mainly discusses her prison's deficiencies in protecting officers and inmates against the COVID-19 virus. Defendant also says that the Government did not "review this particular case under the Seriousness of Ms. Nunez Risk Factors because of [her] health Condition," which justifies her release. (Doc. 126 at 1). Not so. The Government conceded that Defendant's diabetes heightened her risk of injury or death should she contract COVID-19. (Doc. 124 at 17). And the Court followed, denying compassionate release on other grounds. (Doc. 125 at 2).

What is more, Defendant makes the conclusory statements she does not pose a danger to another person or the community and the § 3553(a) factors support a sentence reduction. As best the Court can tell, Defendant points to her supportive family, completed education programs in prison, and learning to speak English to show her rehabilitative progress. But that is not enough. The Court continues to find Defendant to have committed a serious crime and be a danger to the community. She conspired with a notoriously violent international drug cartel to bring over seventeen kilograms of cocaine into the local community. She has served less than half her sentence. So, releasing Defendant now would not adequately punish her for her conduct or adequately reflect the seriousness of her crime.

In conclusion, Defendant presents no extraordinary circumstances to support reconsideration of the Court's decision to deny her compassionate release.

Accordingly, it is now

**ORDERED:**

Defendant Sila Nunez's Motion in Response of the Government's Request for Compassionate Release (Doc. 126) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on this 17th day of September 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  Counsel of Record