UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

v.  Case No.:  2:17-cr-87-SPC-MRM

SILA NUNEZ
_____/

### ORDER

Before the Court are Defendant Sila Nunez's pro se Motion for Early Termination of Supervised Release (Doc. 151), and the Government's opposition (Doc. 153).

In 2018, the Court sentenced Defendant to 87 months of imprisonment and 5 years of supervised release for conspiring to distribute cocaine. (Doc. 92). Defendant has served her prison sentence and has been on supervised release since November 30, 2022. But she now asks the Court to end her supervised release early because she has "successfully completed everything [she has] been required to do" and is "meeting the expectations set for [her] in the correct manner." (Doc. 151 at 2). Both the Government and the United States Probation Office oppose her requested relief.

After considering the factors in 18 U.S.C. § 3553(a), a court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is

satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice[.]" 18 U.S.C. § 3583(e)(1).  The relevant § 3553(a) factors are (1) the nature and circumstances of the offense; (2) the defendant's history and characteristics; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational and vocational training, medical care, or correctional treatment; (6) the applicable guideline range; (7) any policy statements set forth by the Sentencing Commission; (8) the need to avoid unwarranted sentencing disparities; and (9) the need to provide restitution.

After considering the law against the record, the Court will not end early Defendant's supervised release for two reasons.  First, she committed a serious crime.  Defendant (and her husband) conspired with a Mexican drug cartel to import about seventeen kilograms of cocaine to resell in the local community. Their scheme involved couriers moving drugs and money between their home and the source of supply.  Couriers even boarded at their home for days awaiting more tasks.  So the seriousness of her offense and the need to protect the community from organized drug trafficking alone justify her continued supervision.

Second, although Defendant has completed more than one year of supervised release, she has done less than half of her five-year term.  And the record shows she still needs mental health, drug, and employment assistance

given her (1) history of mental health issues, (2) history of serious drug abuse (including oxycodone and crack cocaine), and (3) employment instability since being on supervised released.

The Court thus finds that keeping Defendant on supervised release is in the best interests of justice, Defendant, and the public.

Accordingly, it is

**ORDERED**:

Defendant Sila Nunez's pro se Motion for Early Termination of Supervised Release (Doc. 151) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on June 10, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record